UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

----------------------------------------------------- X

Melcom Fernandes,

                           Plaintiff,

  -against-

Mughlai Grill Indian Cuisine, Inc., Nuruzzaman Bhuiyan and Iqbal H. Bhuiyan,

                           Defendants.

----------------------------------------------------- x

**COMPLAINT**

JURY TRIAL DEMANDED

Index No.:

Plaintiff Melcom Fernandes (hereinafter referred to as "Plaintiff"), by and through his attorneys, Hamilton Clarke, LLP, files this Complaint against Mughlai Grill Indian Cuisine, Inc. (herein referred to as the "Restaurant") and its co-owners, Nuruzzaman Bhuiyan (colloquially known as "Kabeer" and herein referred to as "Defendant Bhuiyan"), and Iqbal H. Bhuiyan (herein referred to as "Defendant Iqbal"), individually, and alleges as follows:

**PRELIMINARY STATEMENT**

1. Defendant Bhuiyan coerced Plaintiff Melcom Fernandes into arranging sexual meetings with a woman with whom he was having an extramarital affair—all at Plaintiff's and the Restaurant's expense. Exploiting his position as Plaintiff's supervisor, Defendant Bhuiyan directed Plaintiff to participate in a scheme to embezzle money from the Restaurant. This scheme involved concealing the payments from Defendant Bhuiyan's wife, business partners, law enforcement, banking authorities, and the IRS.

2. When Defendant Bhuiyan's business partners discovered substantial sums of money paid to Plaintiff in the form of company checks, Defendant Bhuiyan, in a bid to cover his tracks (and fraud), falsely accused Plaintiff, to law enforcement, of forging company checks. In truth, Defendant Bhuiyan had written the company checks to reimburse Plaintiff for surreptitiously

using Plaintiff's personal funds to cater to the needs of Defendant's extramarital girlfriend. Subsequently, due to Defendant Bhuiyan's fraud and false allegations, Plaintiff was arrested, jailed, charged with a felony, and had his entire life savings seized from his bank account as proceeds of a fraud that the accuser, Defendant Bhuiyan, committed. Furthermore, Chase Bank, unaware of the true circumstances, seized Plaintiff's life savings and erroneously "reimbursed" the Restaurant the money Defendant Bhuiyan claimed was fraudulently stolen but were instead the proceeds of a fraud that Defendant Bhuiyan committed. Defendant Bhuiyan callously compelled his subservient employee, who idolized him, followed his every command, and had no recourse due to immigration and economic status, to carry out these activities. And when caught, Defendant Bhuiyan lied to law enforcement and banking authorities to cover up his fraudulent scheme.

3.      Plaintiff Melcom Fernandes, like many Christians in India, fled religious persecution and sought refuge in the United States for a brighter and more liberated future. In September 2021, he started working at the Restaurant as a waiter, eventually becoming a manager. Alone in a new city, and separated from his family in India, Plaintiff looked up to his boss and elder, Defendant Bhuiyan, as a role model. Defendant Bhuiyan often remarked that Plaintiff reminded him of himself and assured him that success would be inevitable with dedication and adherence to his guidance. Plaintiff embraced this belief and felt deeply honored to have someone of Defendant Bhuiyan's stature take a genuine interest in his aspirations and career.

4.      Defendant Bhuiyan recognized how much Plaintiff admired him and exploited that trust for his own selfish interests. During Plaintiff's time with the Restaurant, Defendant Bhuiyan not only withheld significant wages from Plaintiff, but also subjected Plaintiff to ongoing sexual harassment. Furthermore, Defendant Bhuiyan manipulated Plaintiff into managing personal tasks

for a woman he was romantically involved with outside of his marriage, all while using Plaintiff's limited funds and promising reimbursement from the Restaurant.

5. Defendant Bhuiyan instructed Plaintiff to arrange car services, purchase gifts, and more for Defendant's girlfriend, in addition to his work duties. To avoid detection, Defendant Bhuiyan directed Plaintiff to cover the illicit expenses using Plaintiff's own funds, promising reimbursement. Plaintiff, barely making ends meet, repeatedly sought reimbursement from Defendant Bhuiyan, even if it wasn't the total amount owed. After persistent requests, Defendant Bhuiyan finally began reimbursing Plaintiff in October 2023.

6. Shortly after Defendant Bhuiyan reimbursed a portion of what was owed to Plaintiff, Defendant Iqbal noticed unusual payments from the Restaurant's bank account to Plaintiff. When Defendant Iqbal confronted Defendant Bhuiyan about it, Defendant Bhuiyan falsely denied any knowledge of the payments. In an effort to bolster his denial, Defendant Bhuiyan subsequently reported his legitimate reimbursements to Plaintiff as fraud to both law enforcement and banking authorities. This knowingly false accusation led to the unjust arrest of Plaintiff and resulted in the seizure of his life savings from his bank account, which was unlawfully seized to reimburse the Restaurant for funds Defendant Bhuiyan fraudulently claimed were stolen by Plaintiff.

7. As a direct and immediate consequence of Defendant Bhuiyan's intentional and malicious actions, Plaintiff endured considerable harm to his personal and professional reputation. This harm encompassed devastating damage to his reputation, the loss of his life savings, wrongful arrest resulting in incarceration and felony charges, and profound emotional distress and trauma.

## JURISDICTION & VENUE

8. This action is brought as a collective action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 207 and 216(b), to recover unpaid minimum and overtime wages owed to Plaintiff during his employment with the Restaurant.

9. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 207 and 216(b), and 28 U.S.C. §§ 1331 and 1337.

10. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

11. Pursuant to 28 U.S.C. § 1391, venue is proper in this Court because the unlawful employment practices described herein were committed within New York County, over which the Southern District Court of New York has jurisdiction.

12. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

13. Plaintiff Melcom Fernandes is an individual residing in Jersey City, New Jersey.

14. At all times relevant to this Complaint, Plaintiff was an employee of the Defendants within the meaning of the FLSA, as defined by 29 U.S.C. § 203(d). During his employment, the Defendants withheld wages and overtime wages.

15. Defendant Mughlai Grill Indian Cuisine, Inc. is a restaurant organized pursuant to the FLSA, located at 6 Clinton Street, New York, NY 10002.

16. Individual Defendant, Nuruzzaman Bhuiyan (colloquially known as "Kabeer"), is the co-owner of the Restaurant and at all relevant times to this Complaint, was Plaintiff's direct supervisor.

4

17. Individual Defendant Iqbal H. Bhuiyan is the younger brother of Defendant Bhuiyan and co-owner of the Restaurant.

18. At all times relevant to this Complaint, Defendant Bhuiyan and Defendant Iqbal managed and/or operated the Restaurant, regularly exercised the authority to hire and fire employees, determined the work schedules of employees, set the pay rate of employees, and co-controlled the finances and operations of the Restaurant. By virtue of such control and authority, Defendant Bhuiyan and Defendant Iqbal are the employers of Plaintiff as defined by the FLSA, 29 U.S.C. § 203(d).

19. At all times relevant to this Complaint, the Restaurant was an enterprise covered by the FLSA, and as defined by 29 U.S.C. §§ 203(r) and (s).

20. The Restaurant's annual gross volume of sales made or business done is not less than $500,000.00 for each year relevant to the complaint.

21. At all relevant times, the Defendants have been, and continue to be, "employer[s]" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 201 et seq.

22. At all relevant times, the Defendants have had two or more "employees engaged in commerce or in the production of goods for commerce," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

23. At all relevant times, the Defendants have had two or more "employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person," as defined in 29 U.S.C. § 203(s)(1)(A)(i).

## STATEMENT OF FACTS

24. In or around September 2021, Plaintiff Melcom Fernandes began working at Mughlai Grill Indian Cuisine, Inc. as a waiter, performing duties such as taking orders, packing meals, helping in the kitchen, and closing the Restaurant.

25. At all times relevant to this Complaint, Defendant Bhuiyan was the co-owner of the Restaurant and Plaintiff's direct supervisor.

26. Defendant Bhuiyan positioned himself as an elder figure who Plaintiff could trust and rely on—Defendant Bhuiyan referred to himself as Plaintiff's "older brother" and expressed affection toward Plaintiff. *See* Exhibit 1.

27. In turn, Plaintiff grew to respect and love Defendant Bhuiyan, repeatedly telling Defendant Bhuiyan he loved and respected him like a father. *See* Exhibit 2.

28. Yet, Defendant Bhuiyan consistently took advantage of the trust placed in him, and in addition to requesting that Plaintiff "take care" of Defendant Bhuiyan's girlfriend so that his wife would not find out about the illicit affair, Defendant Bhuiyan repeatedly subjected Plaintiff to ongoing sexual harassment. Defendant Bhuiyan repeatedly asked personal, sexually explicit and invasive questions about Plaintiff's body and relationship such as "Did you fuck her" and "How many time [sic]," while also instructing him to "make her pain" so that she "cnt [sic] move 3 days." *See* Exhibit 3.

29. Defendant Bhuiyan began making sexual advances towards Plaintiff; on June 25, 2023, Defendant Bhuiyan again asked about Plaintiff's sex life, inquiring if he "had good sex Last Night," "how many round [sic]" of sex did they have and asked, "if you fucked from the back." He then inappropriately told Plaintiff that the following day, "I will break your ass." *See* Exhibit 4.

30. On September 29, 2023, Defendant Bhuiyan propositioned Plaintiff to have sex together in the same room, saying, "I fuck Carmen, u fuck the other one." *See* Exhibit 5.

31. Defendant Bhuiyan further exploited Plaintiff's trust, powerlessness, and vulnerable position by withholding his salary, beginning in September 2021.

32. On January 19, 2022, Plaintiff asked Defendant Bhuiyan to pay him the money he was owed for salary and reimbursement, Defendant Bhuiyan told him, "you will get your money." *See* Exhibit 6.

33. On January 21, 2022, Defendant Bhuiyan went back on his word and failed to pay Plaintiff. *See* Exhibit 7.

34. Again, on February 20, 2022, Plaintiff confronted Defendant Bhuiyan about not paying him for 7 of the 11 days he recently worked, in addition to the previous months of withheld wages. Between February 20th and the 26th, Defendant Bhuiyan repeatedly promised to give Plaintiff a check for the money he was owed and failed to do so each time. *See* Exhibit 8.

35. Defendant Bhuiyan went so far as to threaten Plaintiff, warning him that he would be unable to secure work elsewhere and would receive a negative recommendation if he left. He shamelessly exploited his position of authority, both personally and professionally, to intimidate Plaintiff into enduring Defendant Bhuiyan's unjust and illegal treatment.

36. Defendant Bhuiyan promised to repay Plaintiff on August 9, 2022, and again on December 15, 2022, but still did not furnish the unpaid wages. *See* Exhibit 10.

37. On February 20, 2023, Defendant Bhuiyan began requesting that Plaintiff pay the salary of the dishwasher, colloquially known as "Magno," out of his own pocket, with the promise of reimbursement. Between February and October 2023, Plaintiff was asked to cover Magno's salary on three occasions, paying $700, $900, and $700, respectively. *See* Exhibit 11.

38. On April 3, 2023, Defendant Bhuiyan told Plaintiff he could not pay Plaintiff his full earnings for the week, withholding $300. *See* Exhibit 12.

39. The wage theft totaled $29,510 in withheld wages and another $800 in unpaid overtime.

40. Defendant Bhuiyan, a married man, also used his position of authority to implicate Plaintiff—both emotionally and financially—in his affair with a woman named Carmen.

41. Defendant Bhuiyan instructed Plaintiff to send, in total, $1,150 to Carmen via Zelle and had Plaintiff routinely pay her Ubers home from the Restaurant, which totaled $239. *See* Exhibit 13.

42. Defendant Bhuiyan promised to pay Plaintiff back for the Carmen-related expenses but failed to do so.

43. In or around October, Plaintiff met with Defendant Bhuiyan and demanded he start paying him back; shortly after Defendant Bhuiyan began repaying Plaintiff through business checks in random increments, ranging from $800 to $3,000.

44. Soon after, Ramana—the Restaurant's accountant—and Defendant Iqbal noticed these checks being deposited in Plaintiff's account.

45. On or about December 27, 2023, Defendant Iqbal confronted Defendant Bhuiyan about the checks; Defendant Bhuiyan lied and told him that Plaintiff had forged the cash checks.

46. On or about December 27, 2023, Defendant Iqbal and Defendant Bhuiyan called Plaintiff into the Restaurant for a meeting.

47. During the meeting, Plaintiff explained to Defendant Iqbal that Defendant Bhuiyan had written these checks and instructed him to deposit them.

48. Defendant Bhuiyan denied writing the checks and again accused Plaintiff of stealing the money.

49. The police were called, and Plaintiff was arrested based on Defendant Bhuiyan's false accusations.

50. Plaintiff was detained for one day at the police station and one day in jail, during which he endured profound emotional and physical distress. The experience of being arrested and incarcerated caused Plaintiff significant fear and sorrow, particularly given his deep dedication and hard work for the very individuals who ultimately betrayed him. Despite his efforts to explain his situation, the police officers ignored his pleas, leaving him feeling helpless and abandoned. Plaintiff was further subjected to inhumane treatment; he was only given food when explicitly requested and was denied water entirely. The trauma of this wrongful detention, combined with the betrayal by his employer, left Plaintiff devastated, as he grappled with the crushing reality of being arrested in a country where he had worked so hard to build a life.

51. After review of the evidence and facts that underlie the allegations of this Complaint, the Manhattan District Attorney's Office ultimately dismissed the criminal case filed against Plaintiff on June 3, 2024.

52. As a result of the arrest, Chase Bank closed Plaintiff's account on or around January 15, 2024, and Plaintiff has since been unable to access any money from his account, totaling $65,832.73.

**FIRST CAUSE OF ACTION:**
**FLSA RELIEF**

53. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

54. At all relevant times, the Defendants consistently failed to provide Plaintiff with full compensation, neglecting to pay his entire salary.

55. At all relevant times, Defendant Bhuiyan deliberately withheld payment from Plaintiff, insisting that Plaintiff must facilitate sexual encounters with Defendant's mistress at their own cost, all while Defendant postponed any decision regarding reimbursement.

9

## SECOND CAUSE OF ACTION:
## SEXUAL HARASSMENT: HOSTILE WORK ENVIRONMENT

56. Plaintiff repeats, reiterates and re-alleges each and every allegation set forth above as if set forth more fully and at length herein.

57. Section 296.1(a) of the New York Human Rights Law, N.Y. Exec. Law §§ 290 et seq., and Title 8 of the New York City Administrative Code, §8-107 prohibits sexual harassment in employment. The Defendants were Plaintiff's employers within the meaning of those laws.

58. Defendant Bhuiyan compelled Plaintiff to orchestrate and manage illicit meetings with a woman with whom Defendant was having an extramarital affair. Additionally, Defendant Bhuiyan pressured Plaintiff into participating in a deceitful scheme designed to hide these payments from Defendant's wife, business associates, and banking authorities.

59. Defendant Bhuiyan routinely made unwanted sexual comments and posed unwanted sexual questions to Plaintiff during the course of Plaintiff's employment.

## THIRD CAUSE OF ACTION:
## FALSE ARREST

60. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

61. The Defendants intentionally and fraudulently made false statements and representations to law enforcement and banking authorities, falsely accusing Plaintiff of stealing money that Defendant Bhuiyan had actually stolen from his own company.

62. The statements made by the Defendants were entirely false, and Defendant Bhuiyan knew they were false when made. This deliberate deception involved criminal activities, including misleading law enforcement and banking authorities, all in an attempt to conceal Defendant Bhuiyan's misconduct, as previously outlined.

63. This calculated deception encompassed serious criminal activities, including the willful misdirection of law enforcement and banking authorities, and Plaintiff's unjust incarceration, all to hide Defendant Bhuiyan's misconduct, as previously established deliberately.

64. As a direct and immediate consequence of Defendant Bhuiyan's intentional and malicious actions, Plaintiff endured considerable harm to his personal and professional reputation. This harm encompassed devastating damage to his reputation, the loss of his life savings, wrongful arrest resulting in felony charges, and profound emotional distress and trauma.

65. Defendant Bhuiyan was aware that these false accusations would lead to Plaintiff's wrongful arrest.

## **FOURTH CAUSE OF ACTION**

## **FRAUD**

66. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

67. Defendant Bhuiyan deliberately concocted false allegations to law enforcement and banking officials, falsely accusing Plaintiff of stealing money from his business. In reality, Defendant Bhuiyan was embezzling funds to settle debts owed to Plaintiff for supporting the individual Defendant's outside family.

68. Defendant Bhuiyan fully understood he was misleading both law enforcement and the bank when he supplied them with false information about the purported missing money from his company.

## FIFTH CAUSE OF ACTION

## DEFAMATION OF CHARACTER

69. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

70. Defendant Bhuiyan deliberately concocted false allegations to law enforcement and banking officials, falsely accusing Plaintiff of stealing money from his business. In reality, Defendant Bhuiyan was embezzling funds to settle debts owed to Plaintiff for supporting Defendant's outside family.

71. Defendant Bhuiyan was fully aware that when he intentionally made false statements to both law enforcement and the bank, those statements would lead to Plaintiff's arrest. He understood that these false public allegations and the resulting arrest would harm Plaintiff's reputation.

## SIXTH CAUSE OF ACTION

## BANK FRAUD

72. Plaintiff re-alleges and incorporates by reference all prior paragraphs as if they were set forth again herein.

73. Defendants knowingly fabricated false claims to banking officials, falsely accusing Plaintiff of stealing from his business.

74. As a direct result of the Defendants' fraudulent statements, the Defendants deceived the bank, causing the bank to unjustly pay Defendant under the false pretense that it was reimbursing Plaintiff for stolen money. In truth, Defendant Bhuiyan embezzled those funds to pay off Plaintiff and intentionally misled law enforcement and the bank regarding the missing money from his company.

75. Defendant Bhuiyan was fully aware that he was committing bank fraud by submitting these false claims and unlawfully receiving funds from the bank.

Dated: New York, New York

      December 19, 2024

HAMILTON CLARKE, LLP
48 Wall Street, Suite 1100
New York, New York 10005
(212) 729-0952

By: *Phillip C. Hamilton*
Phillip C. Hamilton, Esq.
Lance A. Clarke, Esq.
*Attorneys for Plaintiff*